NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**ANDREI KARANJA LAGERGREN,**

*Plaintiff-Appellant*

**v.**

**UNITED STATES,**

*Defendant-Appellee*

---

2016-1347

---

Appeal from the United States Court of Federal Claims in No. 1:15-cv-00174-JPW, Senior Judge John Paul Wiese.

---

Decided:  July 11, 2016

---

ANDREI KARANJA LAGERGREN, Horizon City, TX, pro se.

ERIC LAUFGRABEN, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee. Also represented by MARTIN F. HOCKEY, JR., ROBERT E. KIRSCHMAN, JR., BENJAMIN C. MIZER.

---

Before MOORE, LINN, and O'MALLEY, *Circuit Judges.*

PER CURIAM.

Andrei Karanja Lagergren ("Lagergren") appeals from a decision of the U.S. Court of Federal Claims, dismissing his claim for lack of subject matter jurisdiction. Lagergren acknowledges that the government paid him certain compensation owed, but he claims that the government failed to pay him double pay pursuant to a penalty statute. Because Congress has not waived the United States' sovereign immunity for claims of this kind, we affirm the dismissal of Lagergren's claim.

## BACKGROUND[1]

Lagergren's claim is based on 46 U.S.C. § 10504(b) and (c)(1). Those sections provide as follows:

> (b) The master shall pay a seaman the balance of wages due the seaman within 2 days after . . . the seaman is discharged . . .

> (c)(1) . . . [W]hen payment is not made as provided under subsection (b) of this section without sufficient cause, the master or owner shall pay to the seaman 2 days' wages for each day payment is delayed.

Lagergren acknowledges that following his termination as a seaman on the National Oceanic and Atmospheric vessel *Rainier*, he received all wages owed. He asserts only that he is entitled to collect the delayed payment penalty under § 10504(c)(1). Lagergren's complaint does not allege any contractual claim to this entitlement.

The Court of Federal Claims dismissed his suit, explaining that the Tucker Act, 28 U.S.C. § 1491 was the

---

[1]  Because we write for the parties, familiarity with the facts of the case is presumed.

governing statutory provision, and that the Federal Government had not waived sovereign immunity for the double pay penalty provisions. The Court of Federal Claims also rejected Lagergren's claim of entitlement to compensation under the Takings Clause, explaining that Lagergren did not have a property right in the double pay penalty. We have jurisdiction over an appeal from the Court of Federal Claims under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

We review the Court of Federal Claims' decision to dismiss a case for lack of subject matter jurisdiction de novo. *Brandt v. United States*, 710 F.3d 1369, 1373 (Fed. Cir. 2013).

By default, the government is immune from suit, and this default rule is only modified where Congress has "unequivocally expressed in statutory text" its desire to waive immunity. *Lane v. Pena*, 518 U.S. 187, 192 (1992). Even where such a desire is expressed, the waiver is generally narrowly construed. *Id.* The Tucker Act waives sovereign immunity for claims based in money-mandating statutory provisions. See 28 U.S.C. § 1491. *See also United States v. Mitchell*, 463 U.S. 206, 217 (1983) ("[To be cognizable under the Tucker Act] the claimant must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation *by the Federal Government* for the damages sustained." (emphasis added)). But this waiver does not extend to the payment of penalties. *See Missouri Pacific R.R. v. Ault*, 256 U.S. 554, 563 (1921) ("[T]here is nothing either in the purpose or the letter of these clauses to indicate that congress intended to authorize suit against the government for a penalty, if it should fail to perform the legal obligations imposed."); *McCrea v. United States (The American Shipper)*, 70 F.2d 632, 635 (2d Cir. 1934)(holding that the government had not waived immunity under the Seamen's Act of March 4, 1915 for a

double wages for delay provision because that provision was a "penalty").

While this Court has not previously decided the issue, we agree with the Second Circuit that *Ault* requires explicit Congressional waiver of immunity for government liability under a statutory penalty provision such as the one at issue here. Section 10504(c)(1)'s double wages provision is substantially similar to Section 2 of the Seamen's Act at issue in *The American Shipper*, and we agree with the Second Circuit that provisions of this type are primarily punitive in nature. Moreover, in *Griffin v. Oceanic Contractors, Inc.*, the Supreme Court clarified that the predecessor to the penalty provision here was partly punitive in nature. 458 U.S. 564, 572 (1982) (noting that the purpose of the predecessor statute, 46 U.S.C. § 596, was "not exclusively compensatory," and Congress has secured the general remedial purpose of the Act through "potentially punitive sanctions designed to deter negligent or arbitrary delays in payment."). We therefore conclude that Lagergren cannot enforce § 10504(c)(1) against the government.

Lagergren also asserts that the Court of Federal Claims improperly failed to apply the Admiralty Clause in Article 3 of the United States Constitution. We can discern no basis on which the trial court misapplied the Admiralty Clause. That clause merely provides that the "judicial Power shall extend to . . . all Cases of admiralty and maritime Jurisdiction," U.S. Const. Art. III, Sec. 2, Cl. 1. The clause says nothing about the disputed sovereign immunity issue here and does not relate to Lagergren's claim for penalties under Section 10504. Similarly, Lagergren references the due process clause and the equal protection clause, but neither of those clauses is money-mandating, and therefore neither can support jurisdiction in the Court of Federal Claims. See *LeBlanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995). Finally, to the extent Lagergren argues entitlement based on a

taking, we agree with the Court of Federal Claims that Lagergren must first show that he has a property interest in the delayed amounts owed, which he has not and cannot do here.  See *Adams v. United States*, 391 F.3d 1212, 1225 (Fed. Cir. 2004) ("We decline to treat a statutory right to be paid money as a legally-recognized property interest . . . .  Instead, we view it as nothing more than an allegation that money is owed.").

We conclude that the Court of Federal Claims did not err in dismissing Lagergren's claim for lack of subject matter jurisdiction.

## AFFIRMED

### COSTS

Each party shall bear its own costs.